Filed 9/18/14  P. v. Jamison CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>DANNIE LEE JAMISON,<br><br>    Defendant and Appellant. | G049699<br><br>(Super. Ct. No. 95CF0169)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Gregg L. Prickett, Judge. Affirmed.

David K. Rankin, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*          \*          \*

In 1996, a jury convicted defendant Dannie Lee Jamison of second degree robbery and second degree burglary. The trial court found true allegations that defendant had two prior serious felony convictions and sentenced defendant to 25 years to life for the robbery, plus a consecutive 10-year term for the prior convictions; it stayed the sentence for the burglary. This court affirmed the judgment in 1998. (*People v. Jamison* (Oct. 5, 1998, G020736) [nonpub. opn.].)

In late 2013, defendant filed a petition to recall his sentence under Penal Code section 1170.126, subdivision (e). The court denied the petition, finding defendant's prior conviction for robbery made him statutorily ineligible for relief.

Defendant timely appealed and we appointed counsel to represent him. In his brief, counsel summarized the proceedings and the facts of the case, and while not arguing against his client, stated he had found no arguable issues to present. (*Anders v. California* (1967) 386 U.S. 738 [87 S.Ct. 1396, 18 L.Ed.2d 493]; *People v. Wende* (1979) 25 Cal.3d 436.) Counsel suggests we consider whether the court correctly determined defendant was not entitled to resentencing under Penal Code section 1170.126.

We notified defendant he could file written argument on his own behalf. When specific issues are raised by the appellant himself in a *Wende* proceeding, we must expressly address them in our opinion and explain why they have merit or fail. (*People v. Kelly* (2006) 40 Cal.4th 106, 110, 120, 124.) Defendant filed a supplemental brief, asserting that his underlying sentence was illegal because his prior convictions were based on a plea bargain, which was a contract and cannot be used to enhance his sentence. The claim lacks merit because the law is to the contrary. (*People v. Gibson* (2004) 117 Cal.App.4th 1065, 1070 [use of guilty plea to show prior conviction under the "Three Strikes" law did not violate the federal or state Constitution's contract clause]; see *Way v. Superior Court* (1977) 74 Cal.App.3d 165, 180 [a plea bargain "vests no rights other than those which relate to the immediate disposition of the case"].) The issue is

2

also not within the scope of an appeal from the ruling on the petition to recall his sentence under Penal Code section 1170.126.

We have considered the issues raised by defendant and his counsel, and also reviewed the record according to our obligations under *Wende*, *supra*, 25 Cal.3d 436 and *Anders, supra*, 386 U.S. 738.  We found no arguable issues on appeal.

The order is affirmed.


RYLAARSDAM, ACTING P. J.

WE CONCUR:


ARONSON, J.


FYBEL, J.

3